## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

In Re:

JEROLD W. BARRINGER,                               No. 12-mc-0078-DRH

### ORDER

**HERNDON, Chief Judge:**

On September 2, 2011, the Tenth Circuit Court of Appeals, per curiam, issued an Order indefinitely suspending Jerold W. Barringer from the practice of law in the Tenth Circuit for advancing frivolous arguments (Doc. 1), an order which first came to this Court's attention on November 2, 2012.  Pursuant to Local Rule 83.3(c)((2)(iii), the Court directed Mr. Barringer to Show Cause in writing why this Court should not impose "identical discipline" as the Tenth Circuit Court of Appeals imposed.[1]  Barringer filed his response (Doc. 4).

The Court has reviewed Barringer's response and finds that he does not meet his burden under the local rule to overcome imposing a reciprocal discipline. The Tenth Circuit allowed him to respond.  Respondent failed to demonstrate that there was an infirmity of proof establishing the misconduct, in fact, he admits the underlying facts and only argues the interpretation of such conduct.  He argues that imposing the discipline here will result in a grave injustice, but it is clear that he

---

[1]Local Rule 83.3(c)(2)(ii) provides: "an order to show cause directing that the attorney inform this Court within **30 days** after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated upon the grounds set forth in (4) below that the imposition of the identical discipline by the Court would be unwarranted and the reasons why."

makes no apology for the conduct nor his intent to carry on the practice. The Court need not allow him to waste the valuable resources of the Court nor subject additional clients to such worthless advocacy. Lastly, this Court finds the discipline imposed by the Tenth Circuit to be appropriate and the respondent, given the positions he has taken, has not convinced the Court otherwise.

Barringer claims that it would be unfair to apply the sanction here because he has served the time and is seeking reinstatement. Of course, the discipline is indefinite suspension but he may seek reinstatement after one year. So Barringer misrepresents to this Court the nature of his discipline not unlike the type of argument that got him in trouble in the first place.

An Order of reciprocal discipline similar to that entered by the Tenth Circuit is entered and Barringer is **SUSPENDED** from the practice of law indefinitely. Should the Tenth Circuit reinstate him, this Court will reinstate him. However should the Tenth Circuit reinstate respondent, this Court reserves the right to hold hearings on the conduct which Barringer is currently engaged in in this Court, in cases now pending, which is identical to that which precipitated his discipline in the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 10th day of December, 2012.

Digitally signed by David R. Herndon
Date: 2012.12.10 12:20:59 -06'00'

**Chief Judge**
**United States District Court**